UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00230-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JECARLOS MONTRAE CARTER (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Jecarlos Montrae Carter's ("Carter") Motion for Compassionate Release (Record Document 630). The Government has opposed Carter's motion. See Record Document 634. Carter also filed one Supplemental Motion. See Record Document 633. For the reasons set forth below, Carter's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

Carter was indicted by a grand jury in July 2010, and was charged with one count of conspiracy to distribute powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), (B)(1)(A)(ii), 846 (Count 1); two counts of possession with intent to distribute powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) (Counts 2 and 6); three counts of possession with intent to distribute powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 4, 7, and 10); and three counts of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b) (Counts 5, 8, and 9). He was convicted of all nine counts by the jury.

Carter was originally sentenced to life imprisonment as to Count 1; 360 months as to Counts 2, 4, 6, 7, and 10; and 96 months as to Counts 5, 8, and 9. The Court of Appeals for the Fifth Circuit upheld Carter's conviction on appeal, but found insufficient evidence

"to support the five-kilogram quantity of cocaine alleged in Count 1…" U.S. v. Daniels, 723 F.3d 562, 571 (5th Cir. 2013). Carter's sentence was vacated as to Count 1 and was remanded for resentencing according to § 841 (b)(1)(A)(ii). After a petition for panel rehearing was granted, all sentences for the remaining counts were vacated and the case was remanded for resentencing. See U.S. v. Daniels, 729 F.3d 496 (5th Cir. 2013). At his resentencing, Carter stipulated to the distribution of three and one half to five kilograms of cocaine and a four-level enhancement for his leadership role in the conspiracy offense. Carter was then resentenced to a term of imprisonment of 240 months as to Counts 1, 2, 4, 6, 7, and 10, and 96 months as to Counts 5, 8, and 9 to run concurrently.

Carter again appealed this sentence and proceeded *pro se*. The Fifth Circuit affirmed his sentence, see U.S. v. Mims, 655 Fed.Appx. 179 (5th Cir. 2016), and the U.S. Supreme Court denied his writ of *certiorari*, see Carter v. U.S., 137 S.Ct. 1237 (Mem) (2017), denying cert. In March 2018, Carter filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 (Record Document 565) which he supplemented in May 2018. See Record Document 579. This Court denied Carter's section 2255 Motion. See Record Document 641. Carter is currently serving his sentence at FCI Seagoville.

Carter filed the instant Motion for Compassionate Release on August 12, 2020. He previously submitted a request for compassionate release to the Warden's Compassionate Release Committee which was denied on April 10, 2020. Carter also applied to the Bureau of Prisons ("BOP") for home confinement which was denied on May 20, 2020. Carter has exhausted his administrative remedies.

## LAW AND ANALYSIS

### I.   Compassionate Release

Carter argues he suffers from numerous health conditions which present extraordinary circumstances warranting his compassionate release. See Record Document 630. Specifically, Carter alleges chronic medical conditions such as high blood pressure, high cholesterol, hypertension, respiratory copulation, and liver damage which, according to Carter, have been listed by the Center for Disease Control as "major underlying health risk factors and risks of mortality upon infection with COVID-19." Id. at 1. Carter contends he has served 138 months of his 240-month sentence with "good time," and he intends to re-enter society in Dallas, Texas, to complete and graduate from the CLT/CLA Logistic program as part of the Dallas Community College Program at FCI Seagoville. Id. at 2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

   (1)   upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
   (2)   "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
   (3)   where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Carter moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling

reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). As stated previously, Carter has exhausted his administrative remedies under the First Step Act after he received a final denial from BOP.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Carter's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are

only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a).  In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, Carter does not appear to have demonstrated "extraordinary and compelling reasons" for compassionate release. He notes his chronic medical conditions such as

high blood pressure, high cholesterol, and hypertension and avers that he is entitled to compassionate release because of his heightened risk for mortality should he contract COVID-19. Yet, there is no record evidence as to the severity of these conditions or the extent to which such conditions impair Carter's ability to care for himself. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020). While some of Carter's ailments are among the conditions identified by the CDC as those which "might be increased risk," Carter has not shown that BOP cannot adequately treat these conditions. In fact, Carter's medical records indicate he has been treated successfully for his hypertension and hyperlipidemia by BOP. See Record Document 633 at 3. Courts have consistently denied compassionate release motions involving defendants with similar and even more serious medical conditions than Carter's, namely because the conditions did not prevent the defendant from performing self-care or the defendant failed to show a greater risk of contracting the disease in prison in relation to his risk in the community. See U.S. v. v. Mitchell, No. 5:10-CR-50067-001, 2020 WL 544703, at *2 (W.D. Ark. Feb. 3, 2020); U.S. v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020).

Additionally, even if Carter's condition constituted "extraordinary and compelling reasons," this Court believes granting Carter's release would not comport with the factors enumerated in Section 3553(a) and would present a possible danger to the community. Carter participated in a large-scale cocaine distribution and trafficking conspiracy. He ultimately stipulated to his leadership role in the conspiracy and was sentenced to 240 months with an enhancement for the quantity of cocaine involved in the scheme. Prior to sentencing, Carter had four other convictions for drug related offenses in addition to

multiple convictions for violent crimes of assault and domestic abuse. See Record Document 634. Moreover, as the Government points out, Carter has admitted to his membership in the Rolling 60s Crisps, a subset of the national Crisps gang that began in Shreveport, Louisiana. See id. The Court believes Carter's criminal history demonstrates he is a danger to the community.

Moreover, Carter has completed only a little over 7 years of his 20-year sentence. A reduced sentence simply would not reflect the seriousness of Carter's offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of the defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Carter's Motion for Compassionate Release (Record Document 630) is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of April, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT